# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 20-1225V

|  |  |
|---|---|
| MICHAEL CALVIN MILLER, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Chief Special Master Corcoran <br><br> Filed: January 22, 2026 |

*Dylan Wilbanks, Wilbanks Law Firm, P.C., Commerce, GA, for Petitioner.*

*Sarah Black Rifkin, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On September 18, 2020, Michael Calvin Miller filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration ("SIRVA") following the receipt of a pneumococcal conjugate vaccine on November 9, 2018. Petition at 1, ¶¶ 2, 23-24. After Respondent conceded entitlement, the parties were unable to resolve damages on their own.[3] Following expert evidence and

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

[3] On July 27, 2022, Respondent filed his Rule 4(c) Report conceding Petitioner was entitled to compensation, and I issued a ruling on entitlement that same day. ECF Nos. 34-35. Due to a disagreement related primarily to the extend of the SIRVA sequelae and potential ongoing co-morbidities, the parties were unable to agree upon the appropriate amount of damages. *E.g.,* Status Report, filed Nov. 4, 2022, ECF No. 41.

briefing, I issued a ruling finding Petitioner entitled to $140,000.00 for past pain and suffering and a yearly amount of $1,500.00 for future pain and suffering. ECF No. 59. I instructed the parties to continue their informal discussions in an attempt to reach an agreement regarding the appropriate amount of unreimbursed expenses and net present value for the future component of the award. *Id.* at 13.

On January 22, 2026, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $165,386.11, representing $140,000.00 for past pain and suffering, $20,486.70 for future pain and suffering (after the reduction of the yearly award of $1,500.00 to net present value),[4] and $4,899.41 for past unreimbursable expenses. Proffer at 1-2. In the Proffer, Respondent represented that he reserves the right to appeal my damages ruling and that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $<u>165,386.11</u>, representing $140,000.00 for actual pain and suffering, $20,486.70 for projected pain and suffering, and $4,899.41 for actual unreimbursable expenses, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Section 15(f)(4)(A), any future amounts must be reduced to net present value.

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| MICHAEL CALVIN MILLER, | |
| Petitioner, | No. 20-1225V (ECF) |
| | Chief Special Master Corcoran |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

**PROFFER ON AWARD OF COMPENSATION**

On August 27, 2025, the Court issued a Partial Ruling on Damages. ECF No. 59. The Court made findings with regard to past and future pain and suffering damages but instructed the parties to attempt to informally resolve the remaining components of damages, specifically, the question of past and future expenses and the reduction of all future amounts to net present value. The parties have reached an agreement on the remaining elements of damages. While preserving his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's Partial Ruling on Damages, respondent proffers the following compensation.

I.   **Items of Compensation**

A.   Pain and Suffering

On August 27, 2025, the Court awarded petitioner "damages in the amount of $140,000.00 for past pain and suffering, plus $1,500.00 per year for future pain and suffering." ECF No. 59 at 2. In accordance with the Court's ruling, respondent proffers that petitioner should be awarded $160,486.70 in actual and projected pain and suffering. This amount reflects that any award for projected pain and suffering has been reduced to net present value. 42 U.S.C.

§ 300aa-15(a)(4). Petitioner agrees.

B. Past Unreimbursable Expenses

Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $4,899.41. Petitioner agrees.

## II. Form of the Award

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of $165,386.11, in the form of an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Micheal Calvin Miller. Petitioner agrees.

<div style="margin-left: 50%;">

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

s/Sarah B. Rifkin
SARAH B. RIFKIN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 305-5997
Sarah.Rifkin@usdoj.gov

</div>

DATE: January 22, 2026

2